# IN THE 5ᵀᴴ JUDICIAL CIRCUIT, BUCHANAN COUNTY, MISSOURI

## CIVIL COMPLAINT

2026 JAN 23 PM 3:02 FILED

BEULAH JOSHUA )
_____ )
_____ )
Enter above the full name of Plaintiff or Plaintiffs in this action )
)
VS. )
)
LIBERTY UNIVERSITY )
_____ )
_____ )
_____ )
Enter above the full name of Defendant or Defendants in this action )

CASE NO. 21BU-CC00133

## I. Parties to this Civil Action

(In item A below, place your name in the first blank and place your present address in the second blank. Do the same for additional plaintiffs, if any, on back side of this sheet.)

A. Name of Plaintiff BEULAH JOSHUA

Address   4907 Wilshire Dr N,

Saint Joseph, MO 64506

(In item B below, place the full name of the defendant in the first blank, his official position in the second adding word blank, and his place of employment in the third blank. Use item C for the names, positions, and places of employment of any additional defendants.)

B. Defendant, LIBERTY UNIVERSITY                is employed as

School of Behavioral Sciences Department at 1971 University Boulevard, Lynchburg, VA, 24515

C. Additional Defendants _____

_____

_____

**EXHIBIT**

**1**

## II. Statement of Claim

(State here as briefly as possible the facts of your claim. Describe how each named defendants is involved. Include the names of other persons involved, dates, and places. Do not give any legal arguments or cite any cases or statutes. If you intend to allege a number of **related** claims, number and set forth each claim in a separate paragraph. [Use as much space as you need to state the facts. Attach extra sheets if necessary.] **Unrelated** separate claims should be raised in separate civil actions.)

I, Beulah Joshua, an Asian Indian U.S. citizen and doctoral-prepared nurse practitioner, enrolled at Liberty University in February 2024 and maintained a 3.9 GPA in the MA Clinical Mental Health Counseling program. After reporting an instructional error by Professor Debra Perez, my formal complaints were deleted, and an undisclosed SSD was filed against me in retaliation. I was subjected to discriminatory questioning about my ethnicity, denied due process, and placed under a punitive academic hold until the year 2099. Despite completing all coursework requirements and acting in good faith, I was dismissed from the program on April 10, 2025, without transparency or procedural fairness. Liberty University and its faculty engaged in retaliation, discrimination, defamation, and breach of university policy. I seek reinstatement, removal of adverse records, and compensation for financial loss, emotional distress, and reputational harm.

## III. Relief

State briefly exactly what you want the Court to do for you.

1. Order immediate reinstatement into Liberty University's MA in Clinical Mental Health Counseling program with restoration of good academic standing.
2. Direct the removal of all adverse records, including the SSD, remediation actions, academic holds, and dismissal notation.
3. Award restitution of $33,687.00 in tuition and associated fees, plus compensatory damages for emotional distress and reputational harm.
4. Grant injunctive relief requiring Liberty University to comply with its due-process and nondiscrimination policies.
5. Award such other and further relief as the Court deems equitable.

Make no legal arguments. Cite no cases or statutes.

## IV. Do you claim the wrongs alleged in your complaint are continuing to occur at the present time?

Yes __X__ No _____

## V. Do you claim actual or punitive monetary damages for the acts alleged in your complaint?

Yes __X__ No _____

If you answered yes, state the amounts claimed and the **reasons** you claim you are entitled to recover money damages

Yes. I am seeking monetary damages in the total amount of $33,687.00, representing tuition and associated fees paid to Liberty University for the MA in Clinical Mental Health Counseling program. I am entitled to recover these damages because I was wrongfully dismissed from the program despite maintaining good academic standing, completing required coursework, and acting in good faith.

I also seek additional compensatory damages for emotional distress, loss of educational opportunity, delayed licensure, and damage to my professional reputation caused by the Defendants' discriminatory, retaliatory, and procedurally improper actions. These damages arose from the deletion of my formal complaints, the filing of an undisclosed SSD, the imposition of a punitive academic hold, and my abrupt dismissal without due process.

## VI. Counsel

Do you have an attorney to represent you in this civil action?

Yes _____ No __X__

A. Have you made any effort to contact a private attorney to determine if he or she would represent you in this civil action?

Yes __X__ No _____

B. If you answered yes, state the names and addresses of the attorneys contracted, and give the results of those efforts.

Charles M. Henter
HenterLaw PLC
609 East High Street, Charlottesville, VA 22902

C. If you answered no, state your reasons why no such efforts have been made.

Attorney Henter accepted representation, identified potential claims, and received my retainer and consultation fees.
He attempted to obtain my records from Liberty University but received no response.
He then contacted Liberty's General Counsel and obtained my signed release of information.
Liberty and its General Counsel never responded to his requests.
No records were obtained, and no action timeline was established.
No demand letter, lawsuit, or regulatory complaint was filed.
The case remained stalled with no substantive progress, a result that was neither unexpected nor satisfactory

## VII. Administrative Procedures

A. Have the claims which you make in this civil action been presented through any type of Administrative Procedure within any government agency?

Yes __X__ No _____

B. If you answered yes, state the date your claims were so presented, how they were presented, and the result of that procedure.

Specifically, I submitted a written complaint to the U.S. Department of Education, Office for Civil Rights, against Liberty University. My claims were presented on May 8, 2025. The result of that procedure was unresolved/no corrective action taken on July 9th, 2025, as communicated to me by Naomi Rodriguez.

C. If you answered no, give the reasons, if any, why the claims made in this action have not been presented through Administrative Procedures.

_____

_____

_____

## VIII. Jury Demand

Do you request a jury trial?     Yes __X__   No _____

Signed this _____23_____ day of _____January_____, 20 __26__

_Beulah Obihia_
Signature of Plaintiff or Plaintiffs
4907 Wilshire Dr N.
Street Address
Saint Joseph
City
Missouri                          64506
State                             Zip Code
816-752-7891
Telephone

# VERIFICATION

State of  Missouri _____  )
                                        )
County of Buchanan _____  )

_____ BEULAH JOSHUA ___, being first duly sworn under oath, presents
that he is the plaintiff in this action; that he knows the contents of the complaint; and that the
information contained therein is true to the best of his knowledge and belief.

_____

Signature of Plaintiff or Plaintiffs

**All parties must verify**

SUBSCRIBED AND SWORN TO before me this _23_ day of ___January___, 20_26_

_____
Notary Public

___March 17, 2029___
My Commission Expires

BENJAMIN FIDLER .
Notary Public - Notary Seal
STATE OF MISSOURI
Buchanan County
My Commission Expires: Mar. 17, 2029
Commission # 21224808

# STATEMENT OF CLAIM

**Claimant:** Beulah Joshua
**Respondents:** Liberty University; Debra Perez; David Brown; Jama Davis; Kerry Anne Marsh; Eric Camden; Remediation Committee

## I. Parties

1. The Claimant, **Beulah Joshua,** is an Asian Indian naturalized citizen of the United States, residing in Buchanan County, St. Joseph, Missouri. She has lived in Missouri since 2006 and became a U.S. citizen in 2011. She holds a Doctor of Nursing Practice degree from the University of Missouri–Kansas City (2020) and is a licensed Psychiatric–Mental Health Nurse Practitioner.
2. The Respondents include **Liberty University** and the following faculty and administrative personnel:
   - Debra Perez, Professor
   - David Brown, Professor
   - Jama Davis, Department Chair
   - Kerry Anne Marsh, Faculty Advising Mentor
   - Eric Camden, Faculty/Administrator
   - The Liberty University Remediation Committee

## II. Jurisdiction and Venue

3. This claim arises out of actions taken by Liberty University and its employees in connection with the Claimant's enrollment in the MA in Clinical Mental Health Counseling program beginning February 2024, with an expected graduation date of August 2025.
4. Venue is proper because the Claimant resided in Missouri at all relevant times and suffered academic, financial, and reputational harm as a result of Respondents' actions.

## III. Factual Background

5. The Claimant enrolled at Liberty University in February 2024 in the MA in Clinical Mental Health Counseling program to pursue licensure as a Licensed Professional Counselor (LPC). She maintained a **GPA of 3.9** and remained in good academic standing throughout her enrollment.
6. On or about **November 17, 2024,** Professor **Debra Perez** posted a prerecorded feedback video intended for a different course and containing a different client name. The Claimant contacted Professor Perez regarding the error, but did not receive a reliable or corrective response.
7. On **November 18, 2024,** the Claimant filed formal complaints (#2043198 regarding instructor error and #2042413 regarding grading) through Liberty University's system. Both complaints were later deleted from the Liberty server without explanation, investigation, or resolution.

1 | P a g e

8. Instead of investigating the Claimant's complaints, Professors **Debra Perez** and **David Brown** were involved in filing a **Student Support Document (SSD)** against the Claimant. The Claimant was never provided a copy of the SSD or informed of the specific allegations contained therein.
9. The Claimant complied with university directives and attended a meeting with Faculty Advising Mentor **Kerry Anne Marsh** on **December 12, 2024**, and with Department Chair **Jama Davis** on **December 19, 2024.**
10. During the December 12, 2024 meeting, Professor Marsh questioned the Claimant about her **ethnic background,** despite the Claimant having completed all required admissions and compliance screenings. This inquiry was discriminatory, irrelevant, and improper.
11. The Claimant emailed Professor Marsh on **January 23, 2025**, seeking clarification regarding the discriminatory question and the SSD process. No response was ever provided.
12. Professor Davis failed to provide the Claimant with a copy of the SSD complaint or the outcome of the December 19, 2024 meeting, in violation of Liberty University's student handbook procedures/ FERPA.
13. On **January 3, 2025**, Professor Davis sent the Claimant an email stating that her Internship I professor would be notified of "dispositional concerns." This individualized and stigmatizing statement was demeaning, discriminatory, and unsupported by evidence.
14. The Claimant sought clarification on **February 24, 2025** and received no response.
15. Professor Davis referred the Claimant to the **Remediation Committee**, which placed an academic hold on the Claimant's account until the year **2099**. This 74-year academic hold was arbitrary, punitive, retaliatory, and harassing.
16. Although the Claimant received permission to register for her final course (**COUC694**, Summer 2025), she was prevented from enrolling due to the Remediation Committee's academic hold.
17. On **January 29, 2025**, Professor **Eric Camden** requested an outcome review but later stated he could not resolve the issue. He then sent a threatening email requiring the Claimant to attend a meeting or face dismissal.
18. The Claimant requested copies of the deleted complaints (#2043198, #2042413) and the SSD complaint before attending any further meetings. These documents were never provided.
19. On **April 10, 2025**, the Claimant was abruptly dismissed from the program without due process, transparency, or an opportunity to meaningfully respond to allegations.
20. Professor Camden made false and defamatory statements asserting that "multiple faculty" had reported strained interactions with the Claimant. No such complaints were ever provided to the Claimant.
21. In **COUC693 (Spring Term)**, the Claimant completed all course requirements and earned **959/1010** points. Despite documented completion and faculty confirmation, her rescind-withdrawal request was denied.
22. The Claimant paid **$33,687.00** in tuition and devoted substantial time, effort, and professional commitment to the program.
23. As a direct result of the Defendants' discriminatory, retaliatory, and procedurally improper conduct, the Claimant has suffered substantial financial loss, emotional distress, reputational harm, and the derailment of her professional and educational goals. The Claimant therefore seeks justice through this Court to vindicate her rights, to be made

**2 | Page**

whole for the harms she has endured, and to obtain equitable and monetary relief sufficient to remedy the wrongdoing and deter similar misconduct in the future.

Case 5:26-cv-06044-DGK    Document 1-1    Filed 03/06/26    Page 8 of 8