IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | | |
|---|---|---|
| BEULAH JOSHUA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 5:26-06044-CV-DGK |
| | ) | |
| LIBERTY UNIVERSITY, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER DENYING MOTION TO REMAND, GRANTING MOTION TO DISMISS**

This case arises out of pro se Plaintiff Beulah Joshua's allegations that Defendant Liberty University unlawfully dismissed her from its graduate program. Defendant denies the allegations. Plaintiff filed this case in the Circuit Court of Buchanan County, Missouri, and Defendant removed to federal court, alleging this Court has subject matter jurisdiction pursuant to both diversity jurisdiction, 28 U.S.C. § 1332, and federal question, 28 U.S.C. § 1331.

Now before the Court are Plaintiff's Motion to Remand, ECF No. 5; Defendant's motion to dismiss or, in the alternative, transfer, ECF No. 11; and Plaintiff's motion for a status conference, ECF No. 21. Plaintiff's motion to remand is DENIED because both diversity jurisdiction and federal question jurisdiction exist. Defendant's motion to dismiss is GRANTED because Plaintiff has not carried her burden of showing that the Court possesses personal jurisdiction over Defendant. Plaintiff's motion for a status conference is DENIED AS MOOT.

## I. Plaintiff's motion to remand is denied.

An action may be removed by the defendant to federal district court if the case falls within the district court's original jurisdiction. 28 U.S.C. § 1441(a). If the case is not within the court's original jurisdiction, the court must remand the case to the state court from which it was removed.

28 U.S.C. § 1447(c).

To meet the requirements for diversity jurisdiction, the parties must be citizens of different states and the amount in dispute must exceed $75,000. 28 U.S.C. § 1332(a). Complete diversity between the parties is required; the presence of a single plaintiff who is from the same state as a single defendant destroys diversity and extinguishes a federal court's jurisdiction to hear the matter. *Exxon Mobil Corp. v Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005). The burden of establishing federal jurisdiction is on the party seeking removal, *In re Bus. Men's Assurance Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993), and all doubts are resolved in favor of remand, *Transit Cas. Co. v. Certain Underwriters at Lloyd's of London*, 119 F.3d 619, 625 (8th Cir. 1997).

In determining the amount in dispute, the removing party need not prove that "the damages *are* greater than the requisite amount" only that "the claims . . . could, that is might, legally satisfy the amount in controversy requirement." *James Neff Kramper Family Farm P'ship v. IBP, Inc.*, 393 F.3d 828, 833 (8th Cir. 2005). An amount is not "in controversy" only if "no fact finder could legally award it." *Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002). Once the removing party shows by a preponderance of the evidence that the jurisdictional minimum is satisfied, remand is "only appropriate if the plaintiff can establish to a legal certainty that the claim is for less than the requisite amount." *Bell v. Hershey Co.*, 557 F.3d 953, 956 (8th Cir. 2009). The "legal certainty" standard requires the plaintiff to demonstrate that it is legally impossible for her to recover the jurisdictional amount, not merely that it is improbable that she will recover the amount the defendant has established as being in controversy. *Raskas v. Johnson & Johnson*, 719 F.3d 884, 888 (8th Cir. 2013).

Whether the amount in controversy requirement is met is determined by looking at the

complaint as of the time the notice of removal is filed. *Halsne v. Liberty Mut. Grp*, 40 F. Supp. 2d 1087, 1089 (N.D. Iowa 1999). When it is not facially apparent whether the amount in dispute exceeds the jurisdictional threshold, a court may look at other material submitted by the defendant. *See Raskas*, 719 F.3d at 888.

In this case, there is no dispute that the parties are completely diverse, but Plaintiff argues the amount in controversy requirement is not met because she is seeking restitution of $33,687 in tuition and fees. Plaintiff's argument, however, ignores the fact that she is also seeking compensatory damages for emotional distress, delayed licensure, and reputational harm, as well as injunctive relief requiring the "removal of all adverse records" and restoration of her good academic standing. The value of the combined relief sought could easily exceed $75,000, thus the amount in controversy requirement is met.

As for whether this case presents a federal question, the threshold inquiry is whether the Complaint raises an issue of federal law under the well-pleaded complaint doctrine. *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987). Under this doctrine, a federal question must appear on the face of Plaintiff's properly pleaded complaint. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Plaintiff is the master of her claim and "may avoid federal jurisdiction by exclusive reliance on state law." *Id.*

The Complaint here clearly pleads a federal question; it expressly invokes a federal law, the Family Educational Rights and Privacy Act. This was no accident or typographical error. The Complaint also alleges that Plaintiff administratively exhausted this claim by submitting it to the United States Office for Civil Rights, whose jurisdiction is limited exclusively to claims arising under federal civil-rights statutes. And the Complaint does not mention any state administrative

agency, state civil-rights statute, or specific state-law cause of action. Accordingly, the Court holds the Complaint pleads a federal question, and the Court possesses original jurisdiction under 28 U.S.C. § 1331.

Plaintiff's Motion to Remand is DENIED.

## II. Defendant's motion to dismiss is granted.

Defendant moves to dismiss this case for lack of personal jurisdiction, or, in the alternative, transfer to the District of Virgina under 28 U.S.C. § 1404.

Personal jurisdiction over a defendant represents the power of a court to enter a valid judgment imposing an obligation or duty over that defendant. *Viasystems, Inc. v. EBM Pabst St. Georgen GmbH & Co., KG*, 646 F.3d 589, 592 (8th Cir. 2011). "Personal jurisdiction can be specific or general. Specific jurisdiction refers to jurisdiction over causes of action arising from or related to a defendant's actions within the forum state, while general jurisdiction refers to the power of a state to adjudicate any cause of action involving a particular defendant, regardless of where the cause of action arose." *Id.* In this case, Plaintiff is proceeding under a theory of specific jurisdiction.

"Specific personal jurisdiction can be exercised by a federal court in a diversity suit only if authorized by the forum state's long-arm statute and permitted by the Due Process Clause of the Fourteenth Amendment." *Id.* at 593. Thus, for this Court to exercise personal jurisdiction over Defendant: (1) Missouri's long-arm statute must be satisfied; *and* (2) Defendant must have sufficient contacts with Missouri to satisfy due process concerns. *Id.* Although similar in nature, these are separate inquiries. *Id.* at 593 n.2 (citing *Bryant v. Smith Interior Design Grp.*, 310 S.W.3d 227, 231 (Mo. 2010)).

With respect to the first requirement, Missouri's long-arm statute authorizes personal jurisdiction over defendants who transact business or commit a tort within the state. *Viasystems*, 646 F.3d at 593 (citing Mo. Rev. Stat. § 506.500.01).

Turning to the second requirement, due process requires that there be "sufficient minimum contacts between a defendant and the forum state so that jurisdiction over a defendant with such contacts may not offend traditional notions of fair play and substantial justice." *Aly v. Hanzada for Import & Export Co.*, 864 F.3d 844, 849 (8th Cir. 2017) (citations and internal quotation marks omitted). That is, "[a] defendant's contacts with the forum state must be sufficient so that a non-resident defendant should reasonably anticipate being haled into court there." *Fastpath, Inc. v. Arbela Techs. Corp.*, 760 F.3d 816, 820–21 (8th Cir. 2014) (citing *World-Wide Volkswagen v. Woodson*, 444 U.S. 286, 297 (1980)). "Sufficient minimum contacts requires some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Id.* at 821 (citation and internal quotation marks omitted). In assessing a defendant's minimum contacts with the forum, courts in the Eighth Circuit consider five factors: (i) the nature and quality of the contacts, (ii) the quantity of the contacts, (iii) the relationship of the cause of action to the contacts, (iv) the interest of the forum state in providing a forum to its residents, and (v) the convenience to the parties. *Hanzada*, 864 F.3d at 849. Courts give "significant weight to the first three factors." *Id.*

To defeat a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of making a prima facie showing that the Court possesses personal jurisdiction over the defendant. *Kaliannan v. Liang*, 2 F.4th 727, 733 (8th Cir. 2021). "The evidentiary showing required at the prima facie stage is minimal." *Bros. and Sisters in Christ, LLC v. Zazzle, Inc.*, 42 F.4th 948, 951

(8th Cir. 2022). The plaintiff must show facts sufficient to support a reasonable inference that the defendant is subject to personal jurisdiction in the state. *See id.* In making this determination, a court considers not only the pleadings, but also affidavits and exhibits. *Pederson v. Frost*, 951 F.3d 977, 979 (8th Cir. 2020). The Court views the facts in the light most favorable to the nonmoving party and resolves all factual conflicts in favor of the nonmoving party. *Epps v. Stewart Info. Servs. Corp.*, 327 F.3d 642, 647 (8th Cir. 2003).

Here Plaintiff has not met her burden of making a prima facie showing that the Court possesses personal jurisdiction over Defendant. The Complaint and factual record demonstrate only that Plaintiff resides in Missouri and that she was enrolled in Liberty's online program. This is insufficient to establish personal jurisdiction. *Marten v Godwin*, 499 F.3d 290, 296 (3d Cir. 2007) (holding the court lacked personal jurisdiction over the defendant university where the plaintiff was a student residing in Pennsylvania who had been expelled from an online course offered by a Kansas university, rejecting the plaintiff's argument that personal jurisdiction existed pursuant to the *Calder* effects test); *Smith v Maryville Univ. of St. Louis*, No. 19-2077 (DSD/KMM), 2019 WL 5967206 (D. Minn. Nov. 13, 2019) (holding the court lacked personal jurisdiction over the defendant university where the plaintiff was a student residing in Minnesota and enrolled in an online graduate program offered by a Missouri school despite the plaintiff's arguments that the school had purposefully directed its activities toward Minnesota residents through its website, ads, and online student portal).

Since the Court lacks personal jurisdiction over Defendant, this case must be either dismissed or transferred under 28 U.S.C. § 1404 to the District of Virgina. Plaintiff opposes transfer, apparently preferring dismissal to transfer, arguing transfer to Virgina would be unjust

and inefficient. If dismissal is Plaintiff's wish, the Court sees no reason why it should not be granted.

Defendant's motion to dismiss is GRANTED. This case is DISMISSED WITHOUT PREJUDICE for lack of personal jurisdiction. Plaintiff's motion for a status conference is DENIED AS MOOT.

**IT IS SO ORDERED.**

Date: November 19, 2026

/s/ Greg Kays
GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT